**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| ABANGE ADONNI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Case No.: RWT 08cv2319 |
| v. | * | |
| | * | |
| EDUCATION COMMISSION FOR | * | |
| FOREIGN MEDICAL GRADUATES, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | *** | |

## MEMORANDUM OPINION

Plaintiff Abange Adonni, an international medical school graduate who had his certificate to enter accredited medical residency or fellowship programs in the United States permanently revoked as a sanction for his submission of two falsified letters of recommendation, has sued the certifying entity, Defendant Education Commission for Foreign Medical Graduates ("ECFMG"), for racial and national origin discrimination under 42 U.S.C. § 1981.  ECFMG moves for summary judgment.  Because Mr. Adonni has not shown that ECFMG's legitimate, non-discriminatory reason for revoking his certificate was pretext for unlawful discrimination, the Court will grant ECFMG's Motion for Summary Judgment [Paper No. 40] by separate order.

## BACKGROUND AND PROCEDURAL HISTORY

ECFMG is a private not-for-profit corporation which, through its certification program, assesses whether international medical graduates are ready to enter accredited medical residency or fellowship programs in the United States.  See Kelly Aff. ¶ 4.  Mr. Adonni, a Black citizen of Cameroon, applied to ECFMG for a certificate after graduating from the Ross University School

of Medicine in Dominica in 2006.  See Def.'s Mot. Ex. E.  The ECFMG issued him an ECFMG

certificate on April 11, 2006.  Id. Ex. F.

In November of 2007, a medical education program alerted ECFMG of potential

concerns regarding the authenticity of Mr. Adonni's letters of recommendations.  Id. Ex.G.

Through its investigation, ECFMG determined that Mr. Adonni had altered a letter of

recommendation purportedly written by Andrew B. Block, M.D., and had completely fabricated

a letter of recommendation purportedly written by "Dr. Chang."  Id. Exs. M, J, N, P, S.  Mr.

Abange admitted that he altered Dr. Block's recommendation.  Id. Ex. R.

ECFMG notified Mr. Abange that the Credentials Committee would review the allegation

that Plaintiff engaged in "irregular behavior" in connection with the submission of the two letters

of recommendation in April of 2007.  Id. Ex. S.  The ECFMG defines "irregular behavior" as

"all actions or attempted actions on the part of applicants . . .  or any other person that would or

could subvert the examination, certification or other process of the ECFMG."  Id. Ex.B. ¶ A1.

An example of "irregular behavior" is "submission of any falsified or altered document to

DCFMG."  Id.  "A determination of irregular behavior shall be sufficient cause for ECFMG . . .

to revoke an ECFMG certificate."  Id. at ¶ A2.

Mr. Abange was offered the opportunity to personally appear before the Credentials

Committee at a hearing, but he declined to do so.  Id. Ex. S & Kelly Aff. ¶ 13.  The Credentials

Committee found that Mr. Abange engaged in irregular behavior by submitting falsified letters of

recommendation purportedly written by Dr. Block and Dr. Chang and took action to permanently

revoke the ECFMG certificate it had issued to him.  Id. Ex. T.

On July 3, 2007, ECFMG received a "Notice of Appeal of Decision to the ECFMG

Review Committee" on behalf of Mr. Abange from his counsel.  Id. Ex. U.  In it, Mr. Abange

argued that the irregular behavior was not emblematic of his character, that he made a mistake due to the stress of the application process, and that the revocation of his certificate would have grave consequences for his medical career.  Id.  The ECFMG denied his appeal.  Id. Ex. V.

On September 5, 2009, Mr. Abange filed a one-count Complaint, alleging that the ECFMG discriminated against him based on his race and national origin in violation of 42 U.S.C. § 1981 when it permanently revoked his ECFMG certificate.  See Paper No. 1.  Pending before the Court is ECFMG's Motion for Summary Judgment.  See Paper No. 40.

## STANDARD OF REVIEW

In evaluating a summary judgment motion, the court must assess whether there are any issues of material fact and whether the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 302 (4th Cir. 2006); Fed. R. Civ. P. 56.  "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  When ruling on a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## ANALYSIS

To begin, ECFMG is entitled to summary judgment as to Mr. Abange's § 1981 claim of intentional discrimination based on national origin.  While § 1981 forbids intentional discrimination based on race, it does not reach discrimination based on national origin.  See 42 U.S.C. § 1981; Saint Francis Coll. V. Al-Khazraji, 481 U.S. 604. 614 (1987) (Brennan, J.,

concurring) ("[D]iscrimination based on birthplace alone is insufficient to state a claim under § 1981."). Consequently, only Mr. Abange's § 1981 claim based on race, but not on national origin, is sustainable.[1]

The <u>McDonnell Douglas</u> burden-shifting scheme used in the Title VII employment discrimination cases applies to § 1981 claims. <u>See</u> <u>McDonnell-Douglas Corp. v. Green</u>, 411 U.S. 792 (1973); <u>Gairola v. Va. Dep't of Gen. Serv.</u>, 753 F.2d 1281, 1285 (4th Cir. 1985) ("Under Title VII and either § 1981 or § 1983, the elements of the required prima facie case are the same."). To establish a prima facie case of discriminatory discipline based on race under § 1981, Mr. Abange must establish that (1) he is a member of a racial minority group; (2) that the prohibited conduct that Mr. Abange engaged in was of comparable seriousness to the misconduct of those outside the protected class, and (3) that the discriminatory measures enforced against Mr. Abange were more severe than those enforced against those outside the protected class. <u>See</u> <u>Cook v. CSX Transp. Corp.</u>, 988 F.2d 507, 511 (4th Cir. 1993).

If Mr. Abange establishes a prima facie case, then the burden shifts to ECFMG to articulate some legitimate non-discriminatory reason for revoking Mr. Abange's certificate. <u>See</u> <u>McDonnell-Douglas</u>, 411 U.S. at 802. Once ECFMG provides such a reason, then Mr. Abange must show that ECFMG's asserted legitimate non-discriminatory reason was mere pretext for unlawful discrimination. <u>See id.</u> To make such a showing, Mr. Abange would have to present admissible evidence that (1) the legitimate non-discriminatory reason is false or not the actual reason for the adverse action and (2) the action reason for the adverse action is racial animus. <u>See</u> <u>Reeves v. Sanderson Plumbing Prod.</u>, 530 U.S. 133, 146–47 (2000). The ultimate burden of

---

[1] Even if § 1981 forbid intentional discrimination based on national origin, Mr. Abange's claim based on national origin would fail for the same reasons that its claim based on race fails.

persuasion that ECFMG intentionally discriminated against him remains at all times with Mr. Abange.  See Tex. Dep't of Affairs v. Burdine, 450 U.S. 247, 252–53 (1981).

Mr. Abange has arguably established a prima facie case of racial discrimination under § 1981.  As a Black citizen of Cameroon, he is a member of a racial minority group, and he has identified a non-African foreign medical graduate whose certificate was revoked for two years, rather than permanently, for having submitted two falsified letters of recommendation.  See Pl.'s Opp'n 4 & Ex. 3.

In response, however, ECFMG has advanced a legitimate nondiscriminatory reason for revoking Mr. Abange's certificate.  By submitting two falsified letters of recommendation, Mr. Abange engaged in irregular behavior, which was sufficient cause for ECMFG to revoke his certificate.

Mr. Abange does not come forth with any evidence that ECFMG's reason for revoking his certificate was a pretext hiding discriminatory motives.  Instead, he asks the Court to infer racial animus based on his identification of a similarly situated foreign medical graduate whose certificate was not permanently revoked.  See Pl.'s Opp'n 9.  Unlike Mr. Abange, however, the other foreign medical graduate he identified as less severely punished than him appeared before the Credentials Committee and provided an explanation for submitting falsified letters of recommendation.  See Def.'s Reply 5.  Accordingly, an inference of racial animus is not supported by the weight of the evidence.

For the foregoing reasons, ECFMG's Motion for Summary Judgment [Paper No. 40] will be granted by separate order.

        /s/

ROGER W. TITUS

UNITED STATES DISTRICT JUDGE